————o————

WILLIAM DRUHE, Plaintiff in Error, *vs.* MARIE J. B. DELASSUS AND AUGUST DEHAULT DELASSUS, Defendant in Error.

1. *Married women—Estates of—Debts created by trustees, do not encumber.*—
The law is well settled that a married woman holding separate property, may create debts in reference thereunto and so bind it in equity for their payment. But the simple fact, for example, that her trustee creates debts for improvements ordered by him on her property, does not of itself create a lien on the property without any deed or other appropriate instrument of writing executed by him.

*Error to St. Francois Circuit Court.*

*Bakewell & Farish,* for Plaintiff in Error, cited, North American Coal Co. vs. Dyett, 7 Paige, 9; Dickermann vs. Abrahams, 21 Barb. 551; 2 Story Equity Jurisp., §§ 1397–1401; Jacques vs. The Methodist Church, 17 John., 548; White vs. McNett, 33 N. Y., 371; Williard's Equity Jurisprudence, p. 646; Kimm vs. Weippert, *et al.*, 46 Mo., 544.

*J. F. Bush,* for Defendant in Error.

The petition fails to state a cause of action or to show any

grounds for charging the separate estate of Marie Jeane Blanque DeLassus. The petition contains no averment of any intent on the part of said co-defendant to charge her estate with said amount or indebtedness. The intention is always an essential element in the creation of such a charge. (Kimm vs. Weippert, 46 Mo., 532.)

Adams, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill in equity to charge the separate property of the defendant, Marie J. B. De-Lassus, with the payment for materials furnished her husband, who was her trustee, in improving her property.

The record shows that in 1864 the defendant, Augustus De-Hault DeLassus, as trustee of his wife, Marie J. B. DeLassus, acquired a large amount of real estate in St. Francois and other counties, "to have and to hold the same in trust for the sole profit and in behoof of the said Marie J. B. DeLassus, with power to collect the rents, issues and profits, and to invest the same, and to sell, convey or encumber by deed of trust, mortgage or otherwise, and any conveyance executed by him shall affect, bind, convey and dispose of said property."

The said defendant, Augustus DeHault DeLassus, for himself, and as trustee of his wife, Marie J. B. DeLassus, on the 23d of October, 1868, laid out a town on this property, called "DeLassus," and recorded a plat thereof. On this plat is a part of a square, marked "Hotel," fronting 300 feet on Main street, by a depth of 153 feet.

For the purpose of erecting said hotel, plaintiff, at the instance and request of the defendant, Augustus DeHault DeLassus, furnished lumber and materials. The only evidence on this point is the plaintiff's own deposition. In that deposition he says: "I furnished the material mentioned in the petition; the prices therein stated are reasonable and fair, and a great many of them are very low; the articles were furnished on the credit of the property; I looked to the property as the security for the payment of those articles; they were ordered by Mr. DeLassus; those articles were used in the erection of a building intended for a hotel."

The property sought to be charged is said hotel and the ground covered thereby, 42 feet, by depth along DeLassus street of 150 feet.

The foregoing is substantially all the evidence that was before the Circuit Court, and upon this evidence the court found for the defendants and gave judgment accordingly.

The plaintiff filed a motion for a new trial, which was overruled, and he has brought this case here by writ of error.

The law is well settled that a married woman holding separate property may create debts in reference to such property, and thereby bind it in equity for their payment. The difficulty in this case is that there is not a particle of proof that Mrs. DeLassus created the debts in question, or authorized her husband to do so in her name. The lumber was ordered by him, and it may be that he acted as trustee, intending to secure the debt by mortgage on the property; but the simple fact of his ordering the lumber, or creating the debt as her trustee, did not thereby create a lien on her property. As trustee, the husband, under the deed of trust, had the power to encumber the property, but he could not do so simply by creating a debt. He could only encumber it by deed, or some appropriate instrument of writing executed by him for that purpose. The plaintiff might have required this before parting with his lumber. He testifies that he looked to the property for security. How could he look to it simply by furnishing lumber to the trustee, without any instrument of writing from him creating a charge upon the property? The plaintiff, after furnishing the lumber, might have protected himself by filing a lien under the mechanic's lien law. As the case stands before us, we can give him no relief. We see no other course than to affirm the judgment.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.